Justices of Green County *v.* Graham.

JUSTICES OF GREENE COUNTY *v.* GEORGE GRAHAM.

1. PUBLIC ROAD. *Jury of view.*  On appeal to the Circuit Court from the action of the County Court confirming the report of a jury of view, to lay out and establish a road, and ordering the same to be done under sec. 1185 of the Code, it is discretionary with the court to appoint a new jury of view.

2. ISSUE IN ROAD CASES. *How made up.*  Although the appeal in such a case vacates the action of the County Court, yet the petition order for the jury and their report constitute in both courts the issue upon which proof may be taken as in other cases, and judgment had thereon.

3. Costs. *Cumulative evidence.* While in road cases costs follow the result of the suit under the general law taxing them to the unsuccessful party, yet where the successful party offered to produce additional witnesses to facts already established by the testimony of other witnesses called at his instance, and whose examination the court for this reason declined to hear, it was not error in the court in the exercise of a sound discretion under sec. 3220 of the Code, to tax the costs as to such witnesses to the successful party.

Case cited: Senaker *v.* Justices of Sullivan, 4 Sneed, 116; Ingram *v.* Wilson, 4 Hum., 424; Maniken *v.* State, 2 Swan, 207.

Code cited: Secs. 1185, 3220.

FROM GREENE.

No record to be found.

NICHOLSON, C. J., delivered the opinion of the court.

Upon petition the Justices of Greene county appointed a jury to view and report upon a road through the land of Graham. The confirmation of the report of the jury was resisted by Graham, but upon the evidence the justices confirmed the report and ordered the road to be laid out and established.

Graham appealed to the Circuit Court, where the judge heard the evidence on both sides and affirmed the action of the County Court, but proceeded to hear and determine the case without appointing a jury of view.

Graham has appealed to this court.

1. It is insisted for Graham that the evidence fails to make out such a case of necessity for a public road as authorized the appropriation of the land of Graham for a public road.

Justices of Green County v. Graham.

We have examined the evidence with care, and are unable to see that the County and Circuit Courts have come to an erroneous conclusion. In matters of this kind, this court is in the habit of giving much weight to the conclusions of the courts below, where the witnesses are examined in the presence of the court, and all the facts and circumstances brought forward in a manner to be more satisfactorily determined than upon the bill of exceptions in this court.

2. It is next insisted that the proceeding in the Circuit Court is fatally defective because the judge failed to appoint a jury of view after the cause came into his court by appeal. It is true that the effect of the appeal from the County to the Circuit Court is to vacate the action of the County Court, and to require a trial *de novo* in the Circuit Court. The meaning of this is, that the Circuit Judge should re-examine the facts involved in the case, and upon these to determine whether, under the law, the road should be laid out and established or not. The petition for the road and appointment of a jury of view, and the report of the jury, all constitute the issue on which the judgment of the County Court is taken. Upon appeal the Circuit Judge re-tries the same issue, and of necessity must look to the petition, the order for a jury, and the report of the jury, to ascertain the issue to be tried. When the case comes into the Circuit Court the judge has the discretion to allow such amendments of the proceedings as the contesting parties may deem necessary, and, either upon application of the parties or on his own motion, another jury

of view might be appointed by the judge to go upon the premises and report such facts as might be important to aid the judge in coming to a satisfactory conclusion. But if the judge requires no such resort to a jury of view, and elects to proceed upon the examination of the witnesses in court, it cannot afterwards be imputed as error, especially where no application was made by either party for the appointment of such a jury.

The office of a jury of view, under the acts of 1804 and 1817, as those acts were construed by this court, was essentially different from its office under the present law. It was held under those statutes that the order appointing a jury of view was an order for laying out the road, and that it required the same number of justices to appoint a jury of view as to confirm their report and establish the road: *Ingram* v. *Wilson*, 4 Hum., 424; *Mankin* v. *The State*, 2 Swan, 207.

But under the present law, Code sec. 1185, a jury of view may be appointed at any term of the County Court, but their report must be made to a quarterly court, when the road is to be laid out and established by a majority of nine justices.

From this it is clear that under the present law the appointing of a jury of view is only an initiatory proceeding to bring before the quarterly court the facts upon which the proper number of justices is to determine whether the application for laying out and establishing the road should be granted or not. Upon the return of the jury of view the case is open for

proof on both sides as to the propriety of laying out and establishing the road. The petition, order for a jury of view, and their report, therefore, make up the issue for the determination of a majority of nine of the justices at a quarterly court. Upon appeal to the Circuit Court the same issue is to be tried *de novo* by the Circuit Judge.

It follows that the appointment of a jury of view by the Circuit Judge is not required, and his trial and determination of the cause without doing so was not erroneous.

The record is also filed for writ of error by the Justices of Greene County, and the error assigned for them is that the attendance of five of their witnesses who were not examined in the case is taxed to them. It appears from the bill of exceptions that on the trial the witnesses were in attendance, and the justices offered to produce them if the court desired to hear their evidence, but that it was in many respects similar to that of those already examined. The court replied that if the mind of the court was not satisfied upon any point, witnesses would be called in and heard. And on motion of defendant the costs of said witnesses were taxed to plaintiffs.

It was determined, in the case of *Senaker* v. *Sullivan County*, 4 Sneed, 116, that in contests between the public and citizens relative to the establishment of roads, the costs follow the result of the suit, under the general law. According to the general law the successful party is entitled to full costs. But in the present case five of the witnesses of the successful party

were in attendance, but not examined because the judge was satisfied to decide the case without having these witnesses, although they were offered.

We do not find that this state of facts is provided for, either expressly or by fair implication, and, hence, that it belongs to the class of cases which, by sec. 3220 of the Code, are to be disposed of by the court in its sound discretion. The judge has exercised his discretion in taxing the costs of the five witnesses to the plaintiffs, and we cannot say that his discretion was not properly exercised.

The judgment of the Circuit Court will be affirmed.